DANIEL J. POPROSKY ET AL. *v.* JEREMIAH SHEA ET AL.
(7579)

DALY, NORCOTT and FOTI, Js.

Argued December 13, 1989—decision released May 1, 1990

*John D. Boland,* for the appellants (plaintiffs).

*Michael P. Carey,* for the appellees (named defendant et al.).

*Hugh I. Manke,* for the appellees (defendant Edward Greenwold et al.).

FOTI, J. The plaintiffs in this quo warranto[1] action appeal from the trial court's judgment in favor of the defendants. The plaintiffs claim that the trial court erred (1) in failing to find that the reform ordinance was not an illegal recall, (2) in basing its decision on another trial court decision, and (3) in finding that the restructuring ordinance was saved by permissible goals. We find no error.

The plaintiffs, five former members of the Lisbon planning and zoning commission, brought this quo warranto action challenging the right of the defendants to hold office as planning and zoning commission members. The plaintiffs were removed from office on January 16, 1987, when the town adopted a new ordinance, passed by a voter referendum, that restructured and revised the planning and zoning commission.

The plaintiffs contend that this ordinance was an illegal recall petition under Connecticut law, and assert that the underlying motive or purpose of the ordinance was to remove improperly the plaintiffs from office

---

[1] General Statutes § 52-491 provides: "When any person or corporation usurps the exercise of any office, franchise or jurisdiction, the superior court may proceed, on a complaint in the nature of a quo warranto, to punish such person or corporation for such usurpation, according to the course of the common law and may proceed therein and render judgment according to the course of the common law."

because they were opposed to the construction and operation of a trash-to-energy facility in Lisbon. The defendants are the new members of the commission who were appointed after the adoption of the ordinance. The plaintiffs contend that the defendants continue to exercise the rights, powers and privileges of the planning and zoning commission unlawfully, and to the exclusion of the plaintiffs.

In this action, the plaintiffs sought an order requiring the defendants to answer by what warrant they claim to hold their positions and exercise the rights, power and privileges of the planning and zoning commission. The trial court concluded that the ordinance did not constitute a recall and that the defendants had met their burden by showing complete title to the offices in dispute.

The plaintiffs first claim on appeal that the trial court erred in refusing to characterize the effect of the 1987 ordinance as a recall prohibited by Connecticut law.

The facts relevant to this claim are as follows. In an earlier, separate action brought by citizens of the town of Lisbon, the plaintiffs in that action sought a writ of mandamus requiring that the defendants, who were members of the board of selectmen, consider the proposed restructuring ordinance. *Busch* v. *Prokop,* Superior Court, judicial district of New London at Norwich, Docket No. 086861 (December 12, 1988). The *Busch* court ordered the board of selectmen to meet and call or warn that a special meeting was to be held on a proposed ordinance that would reform the planning and zoning commission. At the special town meeting, held on January 5, 1987, no action was taken regarding the proposed ordinance because a signed petition was presented requesting that the town meeting be rescheduled so that a voter referendum could be held on the proposed ordinance. The voter referendum was held on

January 16, 1987. The ballots cast passed the ordinance with 759 voting in favor of the ordinance and 614 voting against it. Notice of adoption of the ordinance was given by publication and all new members of the planning and zoning commission and their alternates were sworn in on February 4, 1987. To satisfy the court's mandate in *Busch,* the special meeting on the ordinance was then rescheduled and held.

No appeal was filed in that matter. The parties to that action chose instead to wait until the voter referendum was held adopting the ordinance. The plaintiffs in the present case concede that the 1987 ordinance was adopted according to lawful procedure. They argue here only that the underlying motive or purpose of the ordinance was improper.

A recall is a procedure where an elected official may be removed at any time during his term of office by a vote of the people at an election called for such purpose by a specified number of citizens.[2]

Over a century ago our Supreme Court held that a recall is illegal where "an act of the legislature repeals by its terms a certain section of the General Statutes and abolishes a board of officers appointed under it, and the same act *creates precisely the same board and clothes them with the same powers and duties enumerated in the section repealed."* (Emphasis added.) *State ex rel. Birdsey* v. *Baldwin,* 45 Conn. 134, 144 (1877).

In the present case, there was no illegal recall of the plaintiffs from their positions on the planning and zoning commission. Although the 1987 ordinance consequently removed the plaintiffs from office, it did more than clothe the board members with the same powers

---

[2] The application that a voter referendum be taken on the 1987 ordinance was filed by more than the "20 inhabitants qualified to vote in town meetings" as required under General Statutes § 7-1.

and duties as the 1962 ordinance. Specifically, the 1987 ordinance completely revised and restructured the planning and zoning commission as it was set up under the 1962 ordinance. A review of the record shows that the 1987 ordinance provides for alternates and minority representation, whereas the 1962 ordinance provided for neither. The six year term has been changed to a four year term of office thereby subjecting members to a more frequent voter scrutiny. Although both ordinances allowed for vacancies to be filled by the Lisbon planning and zoning commission, the 1987 ordinance mandates that the first selectman fill any vacancy if the commission fails to act within thirty days. The revised ordinance provides for a public hearing on removal of members for cause, and makes absenteeism just cause for removal. The older ordinance was silent on these issues. The reform ordinance mandates disqualification if a conflict is present, permits division into a planning section and a zoning section, and requires a vote on updating of the town plan every five years, whereas the 1962 ordinance was silent on these points as well. Further, the maximum number of members from one political party is now set at five, and two for alternates, whereas the older ordinance was silent as to political affiliation. The 1987 ordinance also provides for other substantive provisions not covered in the older ordinance dealing with the method of selection of officers, the authority for calling meetings and the use of alternates.

"Municipalities, because they are creations of the state, have no inherent legislative authority. . . . They can wield only those powers expressly granted to them by the legislature . . . or necessary to the exercise of an expressly delegated power." (Citations omitted.) *Simons* v. *Canty,* 195 Conn. 524, 529–30, 488 A.2d 1267 (1985).

The Connecticut legislature expressly empowered municipalities to establish and regulate the structure of planning and zoning commissions with the enactment of General Statutes § 8-1. This section provides in part that "[t]he number of such members and the method of selection and removal for cause and terms of office shall be determined by ordinance . . . ." Our Supreme Court has held that "[w]hen enacting or amending its regulations, a local zoning authority acts in a legislative capacity. It must therefore be free to modify its regulations whenever time, experience and responsible planning for contemporary or future conditions reasonably indicate the need for change." *Malafronte* v. *Planning & Zoning Board,* 155 Conn. 205, 208–209, 230 A.2d 606 (1967).

Clearly the town of Lisbon was acting within its designated authority when it restructured its planning and zoning commission. Although the plaintiffs argue that the defendants' actions were directed by the improper motive of removing those board members who had voted for the controversial trash-to-energy plant, "[w]e are not to presume an improper motive. If the ordinance can be supported as a legitimate exercise by the . . . [town of Lisbon] of its authority to make and repeal ordinances with respect to . . . [the planning and zoning commission] and to [the commission's] proper regulation . . . it is our duty to give it such a construction as will make it operative and consistent with the [empowering statute]." *State ex rel. Rylands* v. *Pinkerman,* 63 Conn. 176, 195, 28 A. 110 (1893).

The evidence presented to the court supports the conclusion that the 1987 ordinance created numerous substantial changes in the form and function of the planning and zoning commission of the town of Lisbon. The structure, duties, terms and procedures were changed thereby giving full support to the conclusion

of the court that the 1987 ordinance did not constitute a recall. The factual determinations of the court are not clearly erroneous.

The plaintiffs next claim that the trial court erred in considering and relying on the decision in *Busch* v. *Prokop,* supra, implicitly according that decision res judicata or collateral estoppel effect. We do not agree.

The *Busch* court concluded that the 1987 ordinance was lawful and that its enactment was within the town's power. Further, that court found that no evidence was presented to support the claim that the ordinance was in fact an attempt at recall.[3]

It is clear that the decision in *Busch* was part of the record herein. The memorandum of decision was admitted as a full, *joint* exhibit filed by both the plaintiffs and the defendants. Although it was cited by the court in this action in its memorandum of decision, the trial court herein did not give the *Busch* decision res judicata or collateral estoppel effect. As previously discussed, the present decision was based on findings sufficient in the record. The issues in *Busch* dealt with the validity of the subject matter of the ordinance and the procedures used prior to the mandamus action. The case before us deals with the aftermath of the voter refer-

---

[3] The court in *Busch* v. *Prokop,* Superior Court, judicial district of New London at Norwich, Docket No. 086861 (December 12, 1988), noted: "The defendant introduced witnesses and testimony in an attempt to claim that the request for the passage of the ordinance in question was, in fact, an attempt at recall. The Court does not find that to be the case. Recall is a specific action which requires specifically the naming of the individual or office holder to be recalled and in this particular instance there was no evidence presented to the court that the composition or makeup of the new planning and zoning commission would be any different from the planning and zoning commission that exists today; and therefore, there is no evidence to substantiate defendant's claim that any member will be removed. In addition, the plaintiffs merely seek to have the legislative body act as has been previously stated in accordance with the power given to it by the legislature."

endum that adopted the ordinance. The trial court was justified in relying on that case, as it did, if it saw fit to do so. The trial court agreed with the *Busch* decision but clearly made its own findings on the issue before it, that is, whether the reform ordinance constituted a recall. The plaintiffs were given full opportunity to litigate their claim in this action. The trial court barred no evidence and made no finding on any issue on the basis that it had been precluded by the *Busch* decision.

The plaintiffs' last claim is that the trial court erred in ruling that the ordinance was saved by its permissible goals. The plaintiffs argue that if one provision of the 1987 ordinance is invalid, the court should have declared the entire ordinance invalid, rather than allow the valid portions to cure that one invalid section.

We note that this argument was never raised at trial. The court determined the validity of the 1987 ordinance and found that it did not constitute a recall, which is what the court was asked to do. There is no finding of an invalid section or part of the ordinance by the court, nor does the court's memorandum of decision mention any illegality. Absent such a finding, we decline to address this claim of error.[4]

There is no error.

In this opinion the other judges concurred.

---

[4] Prior to oral arguments, the defendants filed a motion to dismiss the appeal for mootness. We have denied that motion after allowing the parties full argument.